1
2
3
4
5
6
7
IN THE UNITED STATES DISTRICT COURT
8
FOR THE EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION
9

10  LUCAS M. CHANEY, individually, and as
guardian ad litem for TC, a minor, and
11  KATHLEEN CHANEY,

12                                    Plaintiffs,
          vs.
13

14  AUTO TRACKERS AND RECOVERY
NORTH LLC, PATRICK K. WILLIS
15  COMPANY, INC., and SANTANDER
CONSUMER USA INC.,
16

17                           Defendants.

18  ─────────────────────────────────

19  PATRICK K. WILLIS COMPANY, INC.,
a California corporation,
20

21                           Cross-Claim Plaintiff,
          vs.
22

23  AUTO TRACKERS AND RECOVERY
NORTH LLC, an Idaho limited liability
24  company,
                                 Cross-Claim Defendant.
25

26  ─────────────────────────────────

Case No. 2:19-cv-00272-SAB

DECLARATION OF TREVOR R.
PINCOCK IN SUPPORT OF
PATRICK K. WILLIS COMPANY
INC.'S MOTION TO SEAL

DECLARATION OF TREVOR R. PINCOCK:  1

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

I, TREVOR R. PINCOCK, hereby make the following declaration:

1.      I am over the age of 18 years and competent to provide testimony. The following statements are based on my own personal knowledge.

2.      I am an attorney for Defendant and Cross-Claim Plaintiff Patrick K. Willis Company, Inc. ("PK Willis").

3.      Attached hereto as **Exhibit A** is a true and correct copy of the Protective Agreement executed by the attorneys for the parties in the above-referenced case.

I certify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 17th day of December at Spokane, Washington.

/s/ Trevor R. Pincock_____
TREVOR R. PINCOCK

DECLARATION OF TREVOR R. PINCOCK:  2

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1

2

## <u>CERTIFICATE OF SERVICE</u>

3     I HEREBY CERTIFY that on the 17th day of December, 2020, I served the foregoing to

4 the following:

5

6  Alexander B. Trueblood                    ☐   U.S. Mail
   Trueblood Law Firm                        ☐   Hand Delivered
7  1700 Seventh Ave., Suite 2100             ☐   Overnight Mail
   Seattle, WA 98101-1360                    ☐   Telecopy (FAX)
8  alec@hush.com                             ☒   Via ECF / email

9  Attorney for Plaintiffs

10 Gabriella Wagner                          ☐   U.S. Mail
   Wilson Smith Cochran Dickerson            ☐   Hand Delivered
11 901 Fifth Avenue, Suite 1700              ☐   Overnight Mail
   Seattle, WA 98164-2050                    ☐   Telecopy (FAX)
12 wagner@wscd.com                           ☒   Via ECF / email
   phares@wscd.com
13 Strelyuk@wscd.com
   Obrien@wscd.com
14
15 Attorneys for Defendant Auto Trackers and
   Recovery North LLC

16

17

18

19                                   /s/ Marianne Love
                                     MARIANNE LOVE, Legal Assistant
20

21

22

23

24

25

26

DECLARATION OF TREVOR R. PINCOCK:  3

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

01963995  12/17/20

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION

| | |
|---|---|
| LUCAS M. CHANEY, individually, and as guardian ad litem for TC, a minor, and KATHLEEN CHANEY, <br><br> Plaintiffs, <br><br> AUTO TRACKERS AND RECOVERY NORTH LLC, PATRICK K. WILLIS COMPANY, INC., and SANTANDER CONSUMER USA INC., <br><br> Defendants. | Case No. 2:19-CV-00272-SAB <br><br><br><br> PROTECTIVE AGREEMENT |

The parties in this matter, by and through their undersigned counsel, hereby agree to abide by the following Protective Agreement ("Agreement").

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

PROTECTIVE AGREEMENT: 1

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Accordingly, the parties hereby agree to abide by this Agreement. The parties acknowledge that this Agreement does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Agreement does not entitle them to file confidential information under seal.  The parties will follow applicable court rules to seek permission from the court to file material under seal.  This Agreement does not prohibit the parties from moving the court to enter a narrowly tailored order for protection.

2.    DEFINITIONS

2.1    Challenging Party: a Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(G).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

PROTECTIVE AGREEMENT: 2

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and/or have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

PROTECTIVE AGREEMENT: 3

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

2.13    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Agreement must take care to limit any such designation to specific material that qualifies under the

PROTECTIVE AGREEMENT: 4

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W. Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Agreement.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Agreement must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Agreement requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

PROTECTIVE AGREEMENT: 5

"CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Agreement. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    a Designating Party may designate information disclosed at a deposition as "CONFIDENTIAL" by requesting the court reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  Any Party will have thirty (30) calendar days after the date that that Party receives a copy of the deposition transcript to designate, in writing to the other parties and to the court reporter, whether the transcript, in its entirety or specific portions, is to be designated as "CONFIDENTIAL."

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Agreement for such material. Upon timely

PROTECTIVE AGREEMENT: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Agreement. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

PROTECTIVE AGREEMENT: 7

first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality (for example, a motion for a protective order or other motion pursuant to the applicable rules of discovery) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation (for example, a motion to compel discovery) at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties

PROTECTIVE AGREEMENT: 8

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is Disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Agreement. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreement.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

PROTECTIVE AGREEMENT: 9

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax:   (509) 747-2323

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreement.

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

PROTECTIVE AGREEMENT: 10

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Agreement. Such notification shall include a copy of this Agreement; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN
       THIS LITIGATION

(a) The terms of this Agreement are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Agreement. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement

PROTECTIVE AGREEMENT: 11

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2)  promptly provide the Non-Party with a copy of the Agreement in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3)  make the information requested available for inspection by the Non-Party.

    (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under Agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

PROTECTIVE AGREEMENT: 12

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Agreement, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Agreement abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to this Agreement no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Agreement. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Agreement.

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

PROTECTIVE AGREEMENT: 13

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with court rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to applicable court rules, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record pursuant to applicable court rules unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

PROTECTIVE AGREEMENT: 14

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

2    product, and consultant and expert work product, even if such materials contain Protected

3    Material. Any such archival copies that contain or constitute Protected Material remain subject to

4    this Agreement as set forth in Section 4 (DURATION).

5

6    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8    DATED: __12 - 16 - 19__

                   ALEXANDER B. TRUEBLOOD

9                           WSBA No. 50612

                          Attorney for Plaintiffs

10

11    DATED:_____

                   GABRIELLA WAGNER, WSBA No. 42898

12                           Attorney for Auto Trackers and Recovery North LLC

13    DATED: _____

                   TREVOR R. PINCOCK, WSBA No. 36818

14                           CHARLES HAUSBERG, WSBA No. 50029

                          Attorneys for Defendants Patrick K. Willis Company, Inc.

15                           and Santander Consumer USA Inc.

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax (509) 747-2323

PROTECTIVE AGREEMENT: 15

1   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

2   product, and consultant and expert work product, even if such materials contain Protected

3   Material. Any such archival copies that contain or constitute Protected Material remain subject to

4   this Agreement as set forth in Section 4 (DURATION).

5

6   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8   DATED: _____          _____
                                      ALEXANDER B. TRUEBLOOD
9                                     WSBA No. 50612
                                      Attorney for Plaintiffs
10
    DATED: 12·16·2019                 _____
11                                    GABRIELLA WAGNER, WSBA No. 42898
                                      Attorney for Auto Trackers and Recovery North LLC
12
13  DATED: 12/16/19                   _____
                                      TREVOR R. PINCOCK, WSBA No. 36818
14                                    CHARLES HAUSBERG, WSBA No. 50029
                                      Attorneys for Defendants Patrick K. Willis Company, Inc.
15                                    and Santander Consumer USA Inc.

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

PROTECTIVE AGREEMENT: 15

1
2
3

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name] declare under penalty of perjury that I have read in its entirety and understand the Protective Agreement, dated ----------------, between the parties in the case of *Chaney v. Auto Trackers and Recovery North LLC, et al.*, E.D. of Washington Case No. 2:19-CV-272.  I agree to comply with and to be bound by all the terms of this agreement and I understand and acknowledge that failure to so comply could expose me to sanctions. I solemnly promise that I will not disclose in any manner any information or item that is subject to this agreement to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of the Protective Agreement, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Sign name: _____

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

PROTECTIVE AGREEMENT: 16