FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LUCAS M. CHANEY, individually, and
as guardian ad litem for TC, a minor, and
KATHLEEN CHANEY,

       Plaintiffs,

       v.

AUTO TRACKERS AND RECOVERY
NORTH, LLC, PATRICK K. WILLIS
COMPANY, INC. and SANTANDER
CONSUMER USA, INC.,

       Defendants.

No. 2:19-CV-00272-SAB

**ORDER RE: MOTIONS FOR
SUMMARY JUDGMENT**

      Before the Court are Defendant Patrick K. Willis Co.'s Motion for Summary
Judgment, ECF No. 31 and Motion for Partial Summary Judgment Regarding
Cross-Claims Against Auto Trackers and Recover North LLC, ECF No. 35, as well
as its Motion to Strike Plaintiffs' Opposition to Motion for Summary Judgment,
ECF No. 82. A videoconference hearing on the motions was held on May 27,
2021. Plaintiffs were represented by Alexander Trueblood and Michael Parker,
who appeared by telephone. Defendant Auto Trackers was represented by Sarah
Eversole, who appeared by video. Defendant Patrick K. Willis Co. was represented
by Marnie Silver and Charles Hausberg, who appeared by video.

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 1**

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Background Facts

Plaintiffs brought this action after their car was repossessed. They allege the repossession was a breach of the peace in violation of Wash. Rev. Code § 62A.9A-609(b)(2), violated the Washington Consumer Protection Act, and violated the Fair Debt Collections Practices Act. ECF No. 1. They also assert Defendants committed

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 2**

assault and battery, and false imprisonment. Plaintiffs are suing the company that held the purchase contract, Defendant Santander Consumer USA, Inc., the company that was hired to repossess the car, Patrick K. Willis Co. ("PK Willis") and the company that Defendant PK Willis in turn hired to complete the repossession and who actually repossessed the car, Defendant Auto Trackers and Recovery North, LLC ("Auto Trackers").

Defendant PK Willis filed a crossclaim against Defendant Auto Trackers for breach of contract. It is also seeking a declaratory action that Defendant Auto Trackers is required to defend, indemnify, and hold harmless Defendant PK Willis and its client with respect to this lawsuit.

On or about August 29, 2018, Plaintiff Lucas Chaney purchased a used vehicle from Autonation Chevrolet Spokane Valley, in Spokane, Washington, that he intended to use primarily for personal, family, or household purposes. Plaintiff and the dealership entered into a written agreement entitled "Retail Installment Sale Contract Simple Finance Charge," which granted the dealership a security interest in the vehicle and provided for installment payments on the amount financed. The dealership then assigned this contract, including the security interest, to Defendant Santander. At some point, Defendant Santander concluded that Plaintiffs defaulted on their payments and hired Defendant PK Willis to repossess Plaintiffs' vehicle.  Defendant PK Willis then hired Defendant Auto Trackers to repossess the vehicle.

On or about April 29, 2019, a tow truck driver employed by Defendant Auto Trackers arrived unannounced at Plaintiffs' home and, using his truck, blocked them from leaving their driveway. Plaintiff Lucas Chaney immediately objected to the repossession and told the tow truck driver to leave. The tow truck driver refused and ordered Mr. Chaney to tell his wife to back up the vehicle onto his towing apparatus. Mr. Chaney refused.

The tow truck driver then opened the back passenger door and tried to get to

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 3**

nine-year old TC. When TC screamed, the repo man slammed the door on TC's leg. He then knocked Mr. Chaney to the ground, who was on crutches from a recent hip surgery. Frightened by the violence, Plaintiffs stayed in their vehicle, locked the doors, and called the police. Defendant Auto Trackers' tow truck driver remained outside the vehicle pounding on the windows, cursing and yelling that he owned the vehicle, and calling Mr. Chaney a "deadbeat" and a "fucker." He placed various objects around the vehicle so Plaintiffs could not leave.

The police arrived at the scene, and the vehicle was eventually taken into Defendant Auto Trackers' possession.

**1.     Defendant PK Willis' Motion for Partial Summary Judgment Regarding Cross-Claims Against Auto Trackers and Recover North LLC, ECF No. 31**

In its cross-claims, Defendant PK Willis asserts that Defendant Auto Trackers agreed in a written contract to defend and indemnify Defendant PK Willis in this type of case. Defendant PK Willis asserts that it tendered defense of Plaintiffs' claims to Defendant Auto Trackers, but Defendant Auto Trackers disavowed any obligation to defend. Defendant PK Willis is seeking summary judgment on its declaratory judgment claim and on the liability aspect of the breach of contract claim. Defendant Auto Trackers denies any responsibility to defend or indemnify.

**Background Facts**

Defendant PK Willis provides nationwide asset recovery services to lenders and contracts with different local companies to effectuate car repossessions. In 2014, Defendant PK Willis and Defendant Auto Trackers entered into a Master Service Agreement. Section 4 of the Master Service Agreement provides, as follows:

> Service Provider hereby agrees to defend, indemnify and hold PKW and each and every Client harmless from any and all claims, demands, damages, liability, causes of action, actions, judgments, awards, fines,

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 4**

penalties, costs, expenses of any kind and nature whatsoever, contingent and liquidated (including attorneys' fees) arising from or relating to Service Provider's acts or omissions in connection with attempting to repossess or recover, or the actual repossession or recovery of collateral pursuant to any Assignments provided or referred to Service Provider by PKW, including but not limited to any damage or claim for damage to the repossessed collateral while such collateral is in the care, control or custody of Service Provider, excepting only such claims as are the result of the sole active negligence or intentional misconduct of PKW or a Client.

ECF No. 76, Ex. A.

Section 4 also provides that "Service Provider's obligations under this Agreement shall include the duty to defend and/or pay for the defense of PKW and Clients in any action or other legal proceeding with legal counsel that is acceptable to PKW in its sole and complete discretion." *Id.*

According to Defendant, after it received notice of the lawsuit and before tendering a defense to Defendant Auto Trackers, it agreed to defend and indemnify Defendant Santander under a separate agreement between the two companies. Defendant Auto Trackers' insurance company, Prime Insurance Co., agreed to defend PK Willis, but it has refused to defend Defendant Santander.

The Master Service Agreement provides that California law applies and neither party appears to dispute this.

## Applicable Law

California law recognizes that parties to a contract may define their duties to one another in the event of a third-party claim against one or both arising out of their relationship. *Crawford v. Weather Shield Mfg., Inc.*, 44 Cal. 4th 541, 550 (2008). Generally, such indemnity agreements are construed under the same rules that govern the interpretation of other contracts. *Id.* Effect is to be given to the parties' mutual intent as ascertained from the contract's language if it is clear and explicit. *Id.* Unless the parties have indicated a special meaning, the contract's words are to be understood in their ordinary and popular sense. *Id.*

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 5

//

   "A contractual promise to 'defend' another against specified claims connotes an obligation of active responsibility, from the outset, for the promisee's defense against such claims. The duty promised is to render, or fund, the service of providing a defense on the promisee's behalf—a duty that necessarily arises as soon as such claims are made against the promisee, and may continue until they have been resolved. This is the common understanding of the word 'defend' as it is used in legal parlance is to "represent (someone) as an attorney." *Id.* (quotations omitted).

   "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

### Analysis

   The Master Service Agreement contains an exception to the indemnity clause, namely "excepting only such claims as are the result of the sole active negligence or intentional misconduct of PKW or a Client." Defendant Auto Trackers assert that Plaintiffs are bringing separate claims against Defendant Santander for negligence and therefore it does not have a duty to defend. It maintains that, at the minimum, questions of material fact exist regarding whether this exception applies and whether it is required to indemnify Defendant Santander.

   Here, under the plain language of the contract, Defendant Auto Trackers has a duty to defend Defendant PK Willis and its clients (Defendant Santander) against any claims arising from or relating to Defendant Auto Trackers. In reviewing the facts of the Complaint, it is clear that Plaintiffs' claims arise from or relate to Defendant Auto Trackers' conduct and are not based on the "sole active negligence or intentional misconduct" of Defendant Santander. As such, the contractual duty

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 6**

to defend is triggered and Defendant Auto Trackers breached this duty by failing to tender a defense for Defendant Santander. Consequently, summary judgment on Defendant's claims for declaratory judgment and breach of contract is appropriate.

**2.** **Defendant PK Willis' Motion for Summary Judgment, ECF No. 33**

Defendant PK Willis asserts that summary judgment is appropriate because Defendant Auto Trackers was an independent contractor and as such, it is not vicariously liable for any alleged wrongdoing on the part of Defendant Auto Trackers. Defendant PK Willis also argues that Plaintiffs cannot prove an essential element of their Consumer Protection Act claim.

Plaintiffs assert Defendant PK Willis has a non-delegable duty to not breach the peace during a repossession, citing to Washington law. As such, Defendant PK Willis is liable for Defendant Auto Trackers' conduct even if Auto Trackers acted as an independent contractor. Plaintiffs also argue that regardless, PK Willis should be held vicariously liable for Auto Trackers' actions.

### Applicable Law

In Washington, a repossession is lawful where there is a contractual right to repossess, and it is accomplished without disturbing the peace. *Jackson v. Peoples Fed. Cred. Union*, 25 Wash. App. 81, 88 (1979). "A breach of the peace is a public offense done by violence, or one causing or likely to cause an immediate disturbance of public order. *Ragde v. Peoples Bank*, 53 Wash. App. 173, 176 (1989). "To constitute a 'breach of the peace' it is not necessary that the peace be actually broken, and if what is done is unjustifiable and unlawful, tending with sufficient directness to break the peace, no more is required, nor is actual personal violence an essential element of the offense." *Id.* However, merely causing noise while repossessing a vehicle is insufficient, as a matter of law, to demonstrate a breach of the peace. *Id.*

//

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 7**

### A.   Vicarious Liability

Under respondeat superior, an employer is vicariously liable to third parties for torts committed by the servant within the scope of employment. *Wilcox v. Basehore*, 187 Wash. 2d 772, 783 (2017) (citing to *Restatement (Second) of Agency* § 219 (1958)). The *Restatement* defines a servant as a person employed to perform services for another and who is subject to the other's control while performing those services. § 220(1). Generally, the terms "master-servant" are considered synonymous with "employer-employee." *See id.* § 220, comment g.

In order to hold an employer vicariously liable for the tortious acts of its employees, it must be established that the employee was acting in furtherance of the employer's business and that he or she was acting within the course and scope of employment when the tortious act was committed. *Thompson v. Everett Clinic*, 71 Wash. App. 548, 551 (1993).

The *Restatement* provides a flexible ten-factor test to determine whether there is sufficient control so that the person providing services is a servant:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is part of the regular business of the employer;

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 8

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

*Chapman v. Black*, 49 Wash. App. 94, 98-99 (1987).

The crucial factor is the right of control that must exist to prove agency. *Id.* That said, the retention of the right to inspect and supervise and to ensure the proper completion of the contract does not vitiate the independent contractor relationship. *Id.* It is not necessary that all of the remaining factors be present because no single one of them is conclusive and all relate, directly or indirectly, to the crucial factor of control or right of control. *Id.*

If the evidence conflicts regarding the relationship between the parties at the time of the injury or if the evidence is reasonably susceptible of more than one inference, then the question is one of fact for the jury. *Id.* If the evidence is undisputed, the question is one of law and left to the court for its determination. *Id.*

The general rule under Washington law is that a principal is not liable for injuries caused by an independent contractor whose services are engaged by the principal. *Stout v. Warren*, 176 Wash. 2d 263, 269 (2012). There are various exceptions to this general rule. One exception is found in §§ 416[1] and 427[2] of the

---

[1] Section 416 provides as follows:

One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

[2] Section 427 provides as follows:

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 9**

*Restatement (Second) of Torts*, which permits vicarious liability for activities that (a) involves a "special danger" that is "inherent in or normal to the work," *id.* § 427, or (b) poses a "peculiar risk of physical harm," *id.* § 416. *Id.* at 267. Washington courts refer to this exception as "peculiar-risk vicarious liability." *Id.* A "peculiar risk of physical harm to others is one that arises out of the same character of the work to be done and that is not a normal routine matter of customary human activity." *Id.* (quotation omitted). An activity posing a peculiar risk does not create strict liability. *Id.* Notably, in *Stout*, the Washington Supreme Court concluded that fugitive defendant apprehension is an activity that poses a peculiar risk of harm and can result in a principal's vicarious liability for the negligence of an independent contractor.[3] *Id.* at 270.

Under Washington law, then, in order for peculiar-risk vicarious liability to apply "(1) the activity itself must pose a risk of physical harm absent special or reasonable precautions (*i.e.* the risk must be inherent to the activity), (2) the risk must 'differ[] from the common risks to which persons in general are commonly subjected,' *id.* § 416 cmt. d, (i.e., the risk must be "peculiar" or "special"), (3) the principal must know or have reason to know of the risk, and (4) the harm must arise from the contractor's negligence with respect to the risk that is inherent in the activity, *see id.* § 426." *Id.* at 274. Elements (1) and (2) are questions of law. *Id.*

---

reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

[3] The *Stout* court also concluded that fugitive defendant apprehension is not an abnormally dangerous activity because while the record indicated that there is always a risk of some harm, it did not demonstrate the requisite "high degree of risk" when reasonable care is exercised. *Id.* Additionally, there was no showing of a likelihood that the harm would be great with reasonable precautions, rather it was merely a possibility. *Id.*

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 10**

Elements (3) and (4) are mixed questions of law and fact because they involve circumstances that will vary from one case to the next, even given an identical activity. *Id.*

### Analysis

Here, summary judgment is not appropriate because genuine issues of material fact exist regarding whether Defendant PK Willis should be held vicariously liable for the actions of Defendant Auto Trackers.[4] Specifically, there are questions of material facts regarding the relationship between Defendant PK Willis and Defendant Auto Trackers at the time of the injury.

Also, questions of fact remain regarding whether Defendant PK Willis should be held liable based on peculiar-risk vicarious liability. Similar to fugitive defendant apprehension, there is a peculiar risk of harm absent special precautions with respect to repossession of vehicles. Similar to fugitive defendant apprehension, with vehicle repossessions, there is a risk that the recovery agent's negligent actions will cause the vehicle owner to respond in a manner that causes physical harm to others. The risks peculiar to and inherent in vehicle repossessions differ from common risks to which members of the public are generally subjected. If the recovery agent mistakenly takes the wrong vehicle and the owner resorts to extreme measures to stop it, *i.e.* brandishing or using a weapon, members of the public would be subject to the risk of being caught in the cross fire. *See e.g. Stout*, 178 Wash.2d at 274. As such, the Court finds, as a matter of law, that elements (1) and (2) have been met. On the other hand, questions of fact remain regarding whether elements (3) and (4) are met.

Thus, even if the jury decides that Defendant Auto Trackers is an

---

[4] Whether Defendant PK Willis will be held vicariously liable is a question that will need to be answer for all claims asserted by Plaintiff, including the tort-based claims of assault, battery, and false imprisonment.

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 11

independent contractor, genuine issues of material fact exist regarding what Defendant PK Willis knew about the risks and whether the harm arose from Defendant Auto Trackers' negligence with respect to the risk that is inherent in the activity.

Finally, genuine issues of material fact exist whether PK Willis ratified Defendant Auto Trackers' conduct.

### B.    Washington Consumer Protection Act claim

Defendant PK Willis moves for summary judgment on Plaintiffs' Washington Consumer Protection Act claim arguing that Plaintiffs did not suffer injury to his business or property as a result of the alleged CPA violation, and Plaintiffs cannot prove the "unfair or deceptive act' prong as against it. In its reply, it argues that Plaintiffs' CPA fails as a matter of law because there was no independent act on the part of PK Willis and asserts that because PK Willis is not vicariously liable for the acts of Defendant Auto Trackers, there can be no CPA liability.

### Applicable Law

To survive summary judgment on his Washington Consumer Protection Act ("CPA") claim, Plaintiffs must make a prima facie showing of five elements: (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) that affects the public interest; (4) an injury to plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784–85 (1986). The CPA must be liberally construed to serve its purpose, which is "to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition." *Id.*; Wash. Rev Code 19.86.920.

Because the CPA does not define 'unfair' or 'deceptive,' Washington courts

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 12

have allowed the definitions to evolve through a "gradual process of judicial inclusion and exclusion." *Klem v. Wash. Mut. Bank*, 176 Wash. 2d 771, 786 (2013) (citation omitted). In *Klem*, the Washington Supreme Court clarified that a claim under the Washington CPA may be predicated upon a per se violation of statute[5], an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deception act or practice not regulated by statute but in violation of public interest. *Id.* The court noted that an act or practice can be unfair without being deceptive. *Id.*

Washington courts have considered the following criteria in determining whether a practice or act is "unfair:"

> (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen)."

*Rush v. Blackburn*, 190 Wash. App. 945, 963 (2015) (citing *Magney v. Lincoln Mt. Sav. Bank*, 34 Wash. App. 45, 57 (1983)).

Additionally, the courts have noted that current federal law suggests that a "practice is unfair [if it] causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweigh by countervailing benefits." *Id.* (citing *Klem*, 176 Wash. 2d at 787).

Whether the public has an interest in any given action is to be determined by

---

[5]In *Smart v. Emerald City Recovery, LLC*, Judge Coughenour noted that because Wash. Rev. Code 62A.9A-609 permitted non-judicial repossession of vehicles and it did not specifically establish that a violation of the section constitutes an unfair or deceptive act in trade or commerce, a violation of this statute was not a per se violation of the CPA. 2018 WL 3569873 (W.D. Wash. July 25, 2018).

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 13

the trier of fact from several factors, depending upon the context in which the alleged acts were committed: (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it? *Id.* The likelihood that additional plaintiffs have been or will be injured in exactly the same fashion can change a private dispute to one that affects the public interests. *Id.*

To show causation, "plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wash. 2d 59, 84 (2007). The injury requirement is met upon proof that the plaintiff's "property interest or money is diminished because of the unlawful conduct even if the expenses caused by the violation are minimal." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash. 2d 27, 57 (2009). Pecuniary losses occasioned by inconvenience may also be recoverable as actual damages. *Id.* Causation is generally a question for the jury. *Klem*, 176 Wash. 2d at 795.

## Analysis

Here, the Court finds that as a matter of law, breaching the peace while repossessing a vehicle is an unfair practice that affects public interest. A reasonable jury could find that by wrongfully repossessing the vehicle, Defendant Auto Trackers caused Plaintiffs to suffered injuries. As such, summary judgment on the Consumer Protection Act claim is not appropriate.

//

//

//

//

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 14

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant PK Willis's Motion for Partial Summary Judgment Regarding Cross-Claims Against Auto Trackers and Recovery North LLC, ECF No. 35, is **GRANTED**.

2.  Defendant PK Willis's Motion for Summary Judgment, ECF No. 31, is **DENIED**.

3.  Defendant's Motion to Strike, ECF No. 82, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 10th day of June 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 15